UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 98-1543

LULA MAE HARMON,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: September 15, 1998

Decided: October 16, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

COUNSEL

Lula Mae Harmon, Appellant Pro Se. Orran Lee Brown, Sr.,
DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lula Mae Harmon, a Dalkon Shield Claimant, appeals the district court's order denying her motion to set aside an alternative dispute resolution (ADR) decision. We affirm.

Harmon was inserted with an intrauterine device (IUD) in 1969 and again in 1971. She claimed that the IUD was a Dalkon Shield that caused embedment, pelvic inflammatory disease, and uncontrolled bleeding. Harmon chose to resolve her claim through ADR. The Dalkon Shield Claimants Trust presented evidence that the Dalkon Shield was not on the market in 1969, when Harmon's first IUD was inserted. Further, medical records reveal that the two IUDs that Harmon used were Lippes Loops instead of Dalkon Shields. Harmon presented the affidavit of a nurse stating that a physician inserted Harmon with a Dalkon Shield in 1971. The ADR referee relied on medical evidence in deciding that Harmon had not met her burden of proving that she used a Dalkon Shield. Therefore, Harmon was not entitled to recovery for injury caused by the Dalkon Shield.

Harmon moved to vacate the ADR decision. The district court denied the motion, finding that Harmon was simply dissatisfied with the referee's decision and that the referee had not committed any plainly egregious and patently unfair procedural errors in reaching her decision. This appeal followed.

The decision of an ADR referee is "binding and final," and a Dalkon Shield Claimant who proceeds to ADR generally relinquishes the right to judicial review. See In re A.H. Robins Co. (Bledsoe v. Dalkon Shield Claimants Trust), 112 F.3d 160, 163 (4th Cir. 1997). The ADR Agreement which Harmon signed and the ADR Rules provide no mechanism for judicial review of ADR decisions. Nonetheless, the district court may grant relief from an ADR decision "`where

2

the moving party demonstrates flagrant referee misconduct by clear and convincing evidence.'" Id. We review the district court's refusal to vacate an ADR decision for abuse of discretion. See id.

Here, there was no abuse of discretion. The district court correctly found that the referee did not commit flagrant misconduct of the type envisioned by Bledsoe. Rather, the referee made a reasoned determination based on the evidence of record.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3